

CT Corporation
Service of Process Notification
07/05/2022
CT Log Number 541866754

## Service of Process Transmittal Summary

**TO:** John Sullivan, Corporate Counsel
Costco Wholesale Corporation
LEGAL DEPT., 999 LAKE DRIVE
ISSAQUAH, WA 98027-

**RE:** **Process Served in Oregon**

**FOR:** Costco Wholesale Corporation  (Domestic State: WA)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | AJ ARRIOLA vs. COSTCO WHOLESALE CORPORATION |
| **CASE #:** | 22CV20645 |
| **PROCESS SERVED ON:** | C T Corporation System, Salem, OR |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/05/2022 at 13:57 |
| **JURISDICTION SERVED:** | Oregon |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/06/2022, Expected Purge Date: 07/11/2022 |
| | Image SOP |
| | Email Notification,  John Sullivan  jsullivan@costco.com |
| | Email Notification,  Joanne Hallenbeck  jhallenbeck@costco.com |
| | Email Notification,  Nicola Merrett  nmerrett@costco.com |
| **REGISTERED AGENT CONTACT:** | CT Corporation System
780 Commercial Street? SE
Ste 100
Salem, OR 97301
866-665-5799
SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| AJ ARRIOLA,<br><br>                    Plaintiff,<br><br>          v.<br><br>COSTCO WHOLESALE CORPORATION, AKA COSTCO<br><br>                    Defendant. | Case No. 22CV20645<br><br>SUMMONS |

To: CT Corporation System, registered agent for Costco Wholesale Corporation, 780 Commercial St SE Suite 100 Salem, OR 97301

You are hereby required to appear and defend the complaint filed against you in the above entitled cause within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the Court a legal paper called a "motion" or "answer". The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

I hereby certify that the foregoing is an exact and complete copy of the original Summons in the above entitled action.

/s/ Sean J. Riddell

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this Summons, together with a true copy of the Complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this Summons is directed, and to make a Proof of Service on a separate document which you shall attach hereto.

/S/ Sean J. Riddell
SEAN J. RIDDELL, OSB #013943
Attorney for Plaintiff

Page 1 – SUMMONS

Sean J. Riddell
2905 NE Broadway St.,
Portland, Oregon 97232
p. 971 219 8453

Exhibit 1
Page 2 of 13

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| AJ ARRIOLA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, AKA COSTCO<br><br>　　　　　Defendant. | CASE NO. 22CV20645<br><br>**COMPLAINT**<br><br>Negligence – Premise Liability<br><br>Jury Trial Requested<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>Prayer Total: $215,000<br>ORS 21.160(1)(b) – filing fee - $594.00 |

Plaintiff Alleges:

**PARTIES AND JURISDICTION**

1.

At all material times, Plaintiff AJ ARRIOLA (hereinafter "Plaintiff") was an individual residing in the State of Oregon, County of Multnomah, City of Portland.

2.

At all material times, COSTCO WHOLESALE CORPORATION, aka COSTCO (hereinafter "COSTCO") was a foreign, for-profit business corporation with a principal place of business in Washington State and licensed to do business in Oregon and Multnomah County.

3.

At all material times, COSTCO had a registered agent for service of process in Multnomah County, City of Portland, at 4940 NE 138th Avenue.

Page 1 – COMPLAINT

Exhibit 1
Page 3 of 13

4.

At all material times, COSTCO was a resident of Multnomah County.

5.

The actions and omissions giving rise to this claim described in greater detail below, occurred on or near Costco Wholesale warehouse at 7850 SW Dartmouth Street Tigard, Oregon, 97223 (hereinafter "Costco Warehouse"). Costco warehouse was owned and controlled by COSTCO.

6.

The actions and omissions giving rise to this claim, described in greater detail below, arise out of conduct by employees of COSTCO acting within, the course and scope of their employment.

7.

The actions and omissions giving rise to this claim, described in greater detail below, arise out of conduct by employees of COSTCO acting within the course and scope of their employment.

8.

The actions and omissions giving rise to this claim, described in greater detail below, arise out of conduct by agents or contractors of COSTCO acting within their apparent authority, actual authority, or inherent authority.

**GENERAL ALLEGATIONS**

9.

Plaintiff realleges all previous paragraphs and incorporates each by reference as if fully set out herein.

///

Page 2 – COMPLAINT

Exhibit 1
Page 4 of 13

10.

COSTCO is liable for the negligence committed by its agents and contractors acting within their apparent authority, actual authority, or inherent authority.

11.

COSTCO is liable for negligence of third parties if such negligence results in harm to Plaintiff and could have been discovered and prevented or warned about with reasonable care. At said time and place, COSTCO had a duty to reasonably discover and prevent and warn about foreseeable harm that third parties, such as other shoppers, could negligently cause to Plaintiff.

12.

COSTCO is liable for the intentional acts of third parties if such actions result in harm to Plaintiff and could have been discovered and prevented or warned about with reasonable case. At said time and place, COSTCO had a duty to reasonably discover and prevent and warn about foreseeable harm that third parties, such as other shoppers, could intentionally cause to Plaintiff.

13.

At said time and place, COSTCO owed a duty to Plaintiff to not cause her harm or an unreasonable risk of harm.

14.

At all material times, COSTCO had a duty to warn plaintiff of all latent dangers at the warehouse.

15.

At all material times, COSTCO had a duty to protect plaintiff against all dangers COSTCO knew about or reasonably should have known about.

///

///

Page 3 – COMPLAINT

Exhibit 1
Page 5 of 13

16.

On or about January 11, 2021, one or more large rolled-up carpets were unsecured at the Costco Warehouse, near an aisle where persons frequently walked through while shopping.

17.

At said time and place, there were no signs or warnings indicating that large, unsecured items were placed above head-level.

18.

At said time and place, Plaintiff walked through the aisle near the deli section near the large unsecured rolled-up-carpets.

19.

At said time and place, Plaintiff was a business invitee and was shopping at COSTCO for the benefit of COSTCO and for the benefit of herself related to business dealings.

20.

At said time and place, Plaintiff was shopping in an area of the store that she was permitted to be and that was available to the public. It was not an 'employee only' or other restricted area.

21.

At said time and place, COSTCO reasonably expected customers such as Plaintiff to walk through that aisle and in that location of the store.

22.

At said time and place, COSTCO reasonably could have foreseen that stacking large and heavy objects upright extending above the head level in an unsecured manner could cause the type of injury that happened to Plaintiff.

///

Page 4 – COMPLAINT

Exhibit 1
Page 6 of 13

23.

At said time and place, COSTCO reasonably should have foreseen shoppers could negligently or intentionally move items on and off the shelves, sometimes putting them back in an unsafe or unsecured manner and thus stacking large and heavy objects at above-the-head level in an unsecured manner could cause an injury in the manner that it did to Plaintiff.

24.

At said time and place, COSTCO employees and agents did not keep the aisle safe by preventing large and heavy objects from being stacked in an unsafe or unsecured manner at above-the-head level.

25.

At said time and place, COSTCO employees and agents did not prevent other shoppers from negligently and intentionally moving the carpets, resulting in the unsafe condition of the carpets.

26.

At said time and place, COSTCO employees and agents did not post any warnings that shoppers should be careful to avoid large and heavy objects falling from above-the-head level.

27.

At said time and place, a female bystander screamed. A man asked the Plaintiff if she was okay, to which she reported immediate pain.

28.

At said time and place, Plaintiff reported the incident to an agent or employee of COSTCO named 'Mike' who instructed Plaintiff to report the incident to COSTCO management.

///

Page 5 – COMPLAINT

Exhibit 1
Page 7 of 13

29.

At said time and place, the Plaintiff reported the incident to an assistant manager. The assistant manager asked Plaintiff to fill out a clam form.

30.

At said time and place, Plaintiff filled out the claim form and gave it to the assistant manager.

31.

A few days later, the assistant manager spoke with Plaintiff. During that conversation, Plaintiff told the assistant manager that Plaintiff was receiving medical treatment for the incident.

32.

As of the time of filing, COSTCO has not shared any videos of the incident with Plaintiff.

33.

Plaintiff's injuries and damages were a foreseeable consequence of COSTCO's negligence and COSTCO's failure to prevent or warn of harmful negligent and intentional acts by third parties.

34.

As a result of COSTCO's negligence, Plaintiff suffered physical injury, concussion, post-concussion syndrome, interruption, and inability to perform activities of daily living, and emotional injuries.

35.

As a result of COSTCO's negligence, Plaintiff's injuries and concussions caused her to suffer subsequent falls and injuries.

///

///

Page 6 – COMPLAINT

Exhibit 1
Page 8 of 13

36.

As a result of COSTCO's negligence, Plaintiff's injuries and concussion caused her to undergo medical treatment that was customarily priced and reasonably priced and medically necessary.

37.

As a result of COSTCO's negligence, Plaintiff's injuries and concussions caused her multiple medical visits over the course of 18 months to undergo extensive treatment for injuries caused by the negligence of COSTCO.

**FIRST CLAIM FOR RELIEF**

**Negligence – unsafe condition of the business**

41.

Plaintiff realleges all previous paragraphs and incorporates each by reference as if fully set out herein.

42.

At said time and place, COSTCO negligently allowed the unsafe conditions of the warehouse in one or more of the following ways:

(a) Stacking large carpets upright at an above-the-head level;

(b) Failing to properly secure the carpets to prevent injury to shoppers;

(c) Permitting shoppers to access large and heavy carpets stacked above-the-head level without assistance of COSTCO personnel; and

(d) Failing to ensure that shoppers and other persons were not creating an unsafe condition by moving the carpets from their intended location.

///

///

Page 7 – COMPLAINT

Exhibit 1
Page 9 of 13

43.

Due to COSTCO's negligence, Plaintiff sustained bodily injury, emotional harm, and subsequent falls resulting in further injuries and emotional harm.

44.

COSTCO's negligence is reasonably the proximate and actual cause of the Plaintiffs' resulting injuries and damages further described below.

## SECOND CLAIM FOR RELIEF

### Negligence – failure to protect from foreseeable acts by other shoppers

45.

Plaintiff realleges all previous paragraphs and incorporates each by reference as if fully set out herein.

46.

At said time and place, COSTCO negligently failed to protect plaintiff from foreseeable acts by other shoppers in one of more of the following ways:

(a) Placing the carpets in such a manner that a third person could foreseeably cause an unsafe condition;

(b) Permitting shoppers to access large carpets stacked upright at an above-the-head level without assistance of COSTCO personnel;

(c) Failing to secure the carpets so they could not be moved by shoppers without the assistance of COSTCO personnel; and

(d) Failing to check the aisles to verify shoppers were not creating unsafe conditions by moving the carpets; and

(e) Failing to post signs and warnings advising persons not to move the carpets without assistance.

Page 8 – COMPLAINT

Exhibit 1
Page 10 of 13

47.

Due to COSTCO's negligence, Plaintiff sustained bodily injury, emotional harm, and subsequent falls resulting in further injuries and emotional harm.

48.

COSTCO's negligence is reasonably the proximate and actual cause of the Plaintiffs' resulting injuries and damages further described below.

### THIRD CLAIM FOR RELIEF

### Negligence – Failure to warn of latent dangers

49.

Plaintiff realleges all previous paragraphs and incorporates each by reference as if fully set out herein.

50.

At said time and place, COSTCO negligently failed to warn Plaintiff of latent dangers by failing to post signs or warnings advising shoppers of the risk of large, heavy objects falling forward while stacked upright at an above-the-head level.

51.

Due to COSTCO's negligence, Plaintiff sustained bodily injury, emotional harm, and subsequent falls resulting in further injuries and emotional harm.

52.

COSTCO's negligence is reasonably the proximate and actual cause of the Plaintiffs' resulting injuries and damages further described below.

///

///

///

Page 9 – COMPLAINT

Exhibit 1
Page 11 of 13

# DAMAGES

53.

Plaintiff realleges all previous paragraphs and incorporates each by reference as if fully set out herein.

54.

As a result of COSTCO's negligence, Plaintiff incurred past medical costs in the amount of $41,395.50. The medical expenses were reasonably and customarily priced, and necessary due to COSTCO's negligence and Plaintiff's injuries. This amount is subject to amendments to conform to the evidence up to and during the time of trial.

55.

Discover will reveal, as a result of COSTCO's negligence, Plaintiff will incur future medical costs in the amount of $20,000. These medical expenses are reasonably and customarily priced, and necessary due to COSTCO's negligence and Plaintiff's injuries. This amount is subject to amendment to conform to the evidence up to and during the time of trial.

56.

As a result of COSTCO's negligence, Plaintiff will incur an estimated $30,000 in Economic loss. This economic loss is reasonable based on the quality of life lost due to the injury. This amount is subject to amendment at the discretion of the Court.

57.

As a result of COSTCO's negligence, Plaintiff suffered and continues to suffer from the lost quality of life, including physical pain, concussion symptoms, post-concussion symptoms, and injuries from falls subsequent to the carpet striking Plaintiff's head. Plaintiff suffers and continues to suffer physical limitations, disruption of daily living activities, emotional harm, and

Page 10 – COMPLAINT

Exhibit 1
Page 12 of 13

1 | inability to participate in recreational activities, all to her noneconomic damage in the amount of
2 | $120,000, or an amount to be decided by the Court at trial.
3 | 58.
4 | **WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:
5 |     (a) $41,395.50 for past medical expenses;
6 |     (b) $20,000 for future medical expenses;
7 |     (c) $30,000 in economic
8 |     (d) $120,000 for noneconomic damages, including loss of consortium
9 |     (e) Prevailing party fee;
10 |    (f) Plaintiff's Costs and disbursements incurred herein; and
11 |    (g) For such other relief as the court deems just and proper.

DATED this June 21, 2022

> Respectfully submitted,
>
> /s/ Sean J. Riddell
> Sean J. Riddell OSB 013493
> 2905 NE Broadway St.,
> Portland, OR 97232
> sjr@seanjriddellpc.com
> 971 219 8453
> Of Attorney for Plaintiff

Page 11 – COMPLAINT

Exhibit 1
Page 13 of 13